EDMOND, APPELLANT, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S
COMPENSATION, ET AL., APPELLEES.

(No. 9699—Decided November 8, 1965.)

*Mr. Philip R. Finkelmeier,* for appellant.

*Mr. Pierce Cunningham,* for appellee Elmer A. Keller,
Administrator, Bureau of Workmen's Compensation.

*Messrs. Brumleve, DeCamp & Wood,* and *Mr. Richard
Pennington,* for appellee Armour Agricultural Chemical Company.

HILDEBRANT, P. J.   The Common Pleas Court granted defendant-employer's motion to dismiss an appeal to it from a
decision of the Industrial Commission of Ohio based on the
contention that the appeal should have been from the decision
of the Dayton Board of Review instead of the Industrial Commission, and the further contention that the appeal is from a
decision as to the extent of disability.

It is settled that where the Industrial Commission refuses to accept an appeal from a Regional Board of Review, Section 4123.519 of the Revised Code requires the appeal be taken from the decision of the Regional Board of Review and not from the decision of the Industrial Commission refusing to hear the appeal from the regional board to it. See *Parker* v. *Young, Admr.,* 172 Ohio St. 464; and *Starr* v. *Young, Admr.,* 172 Ohio St. 317.

On February 16, 1963, claimant moved for further temporary total disability compensation for a certain period which was ordered by the administrator. On November 19, 1963, the Dayton Regional Board of Review vacated that order with the following order: "the board finds that proof on file fails to establish claimant's present conditions are the result of or related to the injury upon which the instant claim is based."

Claimant appealed the above order to the Industrial Commission which accepted and considered the appeal and, on July 8, 1964, entered the following order:

"This claim coming on for hearing before the Industrial Commission on claimant's appeal filed February 7, 1964, the Commission finds that a prehearing conference would serve no useful purpose; and it is ordered that said appeal be denied and that the finding and order of the Dayton Regional Board of Review dated November 19, 1963, be affirmed for the reason that same is supported by proof of record and is not contrary to law."

From the above record it is clear that the commission accepted the appeal from the regional board, considered it, and denied the appeal on its merits. The order of the regional board found not the extent of disability but that the present condition, whatever it was, was not the result of or related to the injury upon which the instant claim is based so as to invoke the jurisdiction of the commission.

Therefore, it was error, prejudicial to appellant, to dismiss the appeal, and the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

Long and Hover, JJ., concur.